UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 09 –cv-00403-MSK-KMT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,
  v.

PHILLIP R. TRUJILLO,
WEALTH MANAGEMENT RESOURCES,
PTV 22, LLC
PTV 33, LLC,
PTV 44, LLC,

        Defendants.
_____

### STIPULATED PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER EQUITABLE RELIEF
_____

**THIS MATTER** comes before the Court on a Stipulated Motion of the parties for entry of a Preliminary Injunction, Asset Freeze and Other Equitable Relief.

1.      Plaintiff, U.S. Securities and Exchange Commission ("SEC"), filed a Complaint **(#1)** and Motion for a Temporary Restraining Order with supporting Memorandum and Declarations **(#2)** pursuant to Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77(t)(b) and Section 21(d) of the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u(d)(1) seeking a temporary restraining order: a) enjoining Defendants Phillip R. Trujillo ("Trujillo"), Wealth Management Resources ("WMR"), and PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC (collectively the "Funds") (all defendants collectively the "Defendants") from violating the antifraud and securities registration provisions of Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 promulgated

thereunder; b) freezing the assets of Defendants; c) requiring Defendants to provide an accounting of investors' funds and Defendants' other assets; d) ordering expedited discovery; and e) prohibiting Defendants from destroying or altering any documents.

2. The parties have reached a stipulation on the form of a Preliminary Injunction, subject to the parties' right to seek a modification of the order by motion of either party after further discovery and actions by the parties as set forth herein.

3. The Court has jurisdiction over the subject matter of this action. The parties have stipulated to the following injunction:

Pending modification of this Order by the Court or a trial on the merits, Defendants Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has

been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

Pending modification of this Order by the Court or a trial on the merits, Defendants Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)].

Pending modification of this Order by the Court or a trial on the merits, Defendants Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or

of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

Pending modification of this Order by the Court or a trial on the merits:

(a) The assets of the PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, are frozen and Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys in fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of funds or other assets or things of value, of PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, presently held by them, or under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

(b) If personally served with this order, any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

(c) The assets, funds, or other property of the Defendants Wealth Management Resources ("WMR") or Phillip R. Trujillo ("Trujillo") wherever located, which are derived from any Investor Funds obtained by or on behalf of WMR or Trujillo in connection with the programs alleged in the SEC's Complaint, and assets which are traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint, ("Investor Assets") are frozen. WMR and Trujillo shall, with respect to such Investor Assets, prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

Defendants Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and each of their successor corporations, subsidiaries, and affiliates, shall within 20 business days of the service of this Order, serve on the SEC, at the address of its counsel of record, a sworn accounting of:

(a) All investors in PTV 22, LLC, PTV 33, LLC, PTV 44, LLC, listing the name, address, and all other contact information for each investor; the amount of funds invested by each investor and date(s) said fund(s) were received; the amount of any commissions or other compensation paid to any sales representatives, and date of payment; the amount of funds paid to each investor and date(s) of those payment(s); and the amount of other funds returned to each investor and the date of those payments;

(b) All Investor Assets held anywhere whether in the names of Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44

LLC, or their respective subsidiaries or affiliates, or under their direct or indirect control whether by direct or indirect beneficial interest, stating a description and location of such assets;

(c) Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, or in which they have direct or indirect control or beneficial interest or have had any direct or indirect beneficial interest since August 1, 2007; and

(d) Every transaction in which the direct or indirect ownership, direction and control of any Investor Assets of any kind, have been transferred since August 1, 2007 to or from PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC.

Defendants Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and each of their successor corporations, subsidiaries, and affiliates, shall within 20 business days of the service of this Order, serve on the SEC, at the address of its counsel of record, copies of all records relating to accounts at any financial institutions into which proceeds raised by or on behalf of WMR or Trujillo in connection with the programs alleged in the SEC's Complaint have been transferred since August 1, 2007.

Pending modification of this Order by the Court or a trial on the merits, Phillip R. Trujillo, Wealth Management Resources, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this

action, or to any communications between or among any of the Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of
agreement, and including any and all existing drafts of all documents.

That discovery concerning Investors' Assets can commence twenty (20) days after entry of this order.

Plaintiff's Motion for Temporary Restraining Order **(#2)** is **DENIED** as moot.

**SO ORDERED** this 27th day of February, 2009

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      United States District Judge