IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00403-MSK-KMT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

PHILLIP R. TRUJILLO,
WEALTH MANAGEMENT RESOURCES, LLC,
PTV 22, LLC,
PTV 33, LLC, and
PTV 44, LLC

     Defendants.

---

# ORDER

---

This matter is before the court on the "Motion of Defendant Phillip R. Trujillo to Stay the Hearing on Plaintiff's Amended Motion for an Order to Show Cause Why Defendant Trujillo Should Not Be Held in Contempt." (Doc. No. 65, filed May 28, 2010 [hereinafter "Mot."].) Plaintiff Securities and Exchange Commission (hereinafter "Plaintiff") filed its Objection and Response on June 1, 2010. (Doc. No. 66 [hereinafter "Resp."].) Given the imminence of the hearing at issue, the court finds that the Motion is now ripe for its review and order.

In his Motion, Defendant Trujillo (hereinafter "Defendant") seeks a stay of the hearing on the "Amended Motion of Plaintiff [] for an Order to Show Cause Why Defendant [] Should Not be Held in Contempt for Violation of the Preliminary Injunction Order Entered March 2,

2009" (Doc. No. 48, filed May 13, 2010 [hereinafter "Amended Mot."]) presently set for June 2, 2010 (hereinafter "Hearing on the Motion for an Order to Show Cause"). (*See* Order Setting Hearing on Motion for an Order to Show Cause, Doc. No. 52, entered May 13, 2010.) In support of his argument for a stay of the Hearing on the Motion for an Order to Show Cause, Defendant points to a recently returned Colorado State Grand Jury Indictment of Defendant (Mot. at Ex. A [hereinafter "Indictment"]) that allegedly involves the very same transactions at issue in Plaintiff's Amended Motion. (*Id.* at 2–4.) Given the Indictment, Defendant argues that a stay of the Hearing on the Motion for an Order to Show Cause is appropriate because he will be put "in a position of risking an unsuccessful result in [Plaintiff's] contempt proceeding by invoking his Fifth Amendment privilege, or risking conviction in the criminal case by waiving his Firth Amendment privilege and testifying." (*Id*. at 5.)

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

When considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights. "The Constitution [ ] does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Securities Exchange Commission v. Dresser Industries Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317–19 (1976)). The *Dresser* court stated, "a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action." *Id.* at 1375 (internal quotation omitted). *See also United States v. Kordel*, 397 U.S. 1, 11–12 (1970) (parallel civil and criminal actions might, in "special circumstances," raise constitutional problems and a defendant might be able to argue that his due process and self-incrimination rights require the stay of proceedings in the civil action).

In *Cruz v. County of Dupage*, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997), the court aptly observed the "ultimate question . . . is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings."

In terms of the quandary Defendant encounters, the court notes at the outset that it is not unconstitutional to force a defendant to make this Hobbesian choice. *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003). Balanced against the possible constitutional dilemma faced by Defendant is that "[t]he right to proceed in court

should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983) (*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971). In other words, stays of the normal proceedings of a court should be the exception rather than the rule. *See, e.g., Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *In re Par Pharmaceutical Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).)

In determining whether to stay civil proceedings, courts balance the burden of proceeding with both cases simultaneously against the harm to the civil opponent, in this case the S.E.C., if a stay were granted. *See* Judge Milton Pollack, Presentation at the Transferee Judges' Conference, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201, 203 (1989). A motion for a stay entails a case-by-case, fact-specific inquiry, with courts frequently citing some combination of six factors in determining whether to enter a civil stay: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case: (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Transworld*, 886 F. Supp. at 1139; *see also In Re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002); *County of Dupage*, 1997 WL 370194, at \*2; *Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 12 (D. Mass. 1991);*White v. Mapco Gas Products Inc*., 116 F.R.D. 498, 502 (E.D. Ark. 1987).)

In this case, the facts and issues underlying Plaintiff's Amended Motion and the Indictment of Defendant are virtually identical. (*Compare* Mot. Ex. A at 4, 6 *with* Amended Mot. ¶¶ 2–5.) Indeed, the fact that the indictment has been returned is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Dresser*, 628 F.2d at 1375-76. Numerous courts, including the Southern District of New York in the *Worldcom* civil litigation, have granted civil stays in the **post**-indictment context. *In Re Worldcom, Inc.*, 2002 WL 31729501, at *9; *Volmar Distributors Inc. v. New York Post Co. Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993); *Midas International Corp. v. GV&G Trans. Services,* 1987 WL 18916 (N.D. Ill. Oct. 19, 1987); *Fidelity Funding of California v. Reinhold,* 190 F.R.D. 45, 48 (E.D.N.Y. 1997) (staying the civil case against the defendant who was under indictment while denying a stay as to his unindicted civil co-defendant); *Gala Enterprise Inc. v. Hewlett Packard Co.*, 1996 WL 732636, at *2 (S.D.N.Y. Dec. 20, 1996) ("Pre-indictment requests of a stay of civil proceedings are generally denied").

Additionally, the court finds that the likelihood of prejudice to Defendant is particularly acute in this case. Here, the Hearing on the Motion for an Order to Show Cause is a potential first-step toward imposing severe, if not criminal-like, contempt sanctions on Defendant for his alleged violation of the District Court's March 2, 2009 Preliminary Injunction Order. Moreover, given the close temporal proximity between the return of the Indictment and the date of the

Hearing on the Motion for an Order to Show Cause, there is significant probability that Defendant will have to entirely reformulate his defense to the Amended Motion in light of the Indictment and the Fifth Amendment implications arising therefrom. Indeed, if Defendant were to ultimately choose to invoke his constitutional privilege at the Hearing on the Motion for an Order to Show Cause, he may be subjected to an adverse inference from his refusal to testify, and the consequences of that choice may be severe. *Baxter,* 425 U.S. at 318 ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify . . . ."). On the other hand, if Defendant fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in this civil case can then be used against him in his criminal case. *See Parallel Proceedings,* 129 F.R.D. at 205–206. Thus, the court finds there is significant likelihood that Defendant will be substantially prejudiced in his ability to defend himself at the Hearing on the Motion for an Order to Show Cause in light of the recently returned Indictment.

The court balances the above-noted prejudice to Defendant against the potential prejudice to Plaintiff and the public interest. In support of its argument against a stay, Plaintiff invokes three potential sources of prejudice. First, Plaintiff points to the strong public interest in "the prompt resolution of its civil enforcement actions" and "the protection of the efficient operation of the securities markets" which might be compromised if a stay is granted. (Resp. at 3.) Second, Plaintiff maintains that the court's "strong interest in enforcing" the March 2, 2009 Preliminary Injunction Order advise against granting a stay. (*Id.*) Finally, Plaintiff argues against a stay of proceedings insofar as it believes the stay is indefinite in scope. (*Id.* at 4.)

The court acknowledges that the potential prejudice to Plaintiff, the public interest, and the court itself appears substantial in this case. Indeed, all the cases staying civil proceedings in light of parallel criminal proceedings have involved only a stay of discovery, *see, e.g. In re Worldcom, Inc.,* 2002 WL 31729501, at *11, whereas the stay of the Hearing on the Motion for an Order to Show Cause is arguably much more significant. However, as discussed above, the same significance of the Hearing on the Motion for an Order to Show Cause to Plaintiff, the public, and the court also elevates the potential prejudice to Defendant if a stay is not granted; he will likely be forced into a difficult position of choosing to forfeit his defense against potentially severe contempt sanctions, or testifying in his defense at the hearing, which may subsequently be used against him in the state criminal proceedings.

Altogether, the court heeds the advice of Judge Pollack that it would "behoove both the litigants and the court to tailor a stay . . . to minimize any delays upon the process." *Parallel Proceedings,* 129 F.R.D. at 205. Here, the court finds that the potential prejudice to Defendant of forcing him to proceed with short notice of the Indictment outweighs the prejudice to Plaintiff, the public interest, and the court. Indeed, in reaching this conclusion the court notes that, despite contrary suggestions by Plaintiff, Defendant only requests a stay of the Hearing on the Motion for an Order to Show Cause as presently set. (Mot. ¶ 10.) As such, the court and the parties will be free to revisit this issue, including potentially resetting the Hearing on the Motion for an Order to Show Cause, once the proverbial dust has settled and the implications of the Indictment are more fully vetted. Moreover, the court finds that this approach should, at least for the

moment, reduce any delay in Plaintiff's ability to expeditiously pursuing this civil enforcement on behalf of the public, and any prejudice to the court's ability to enforce its own orders.

WHEREFORE, it is **ORDERED**

That the "Motion of Defendant Phillip R. Trujillo to Stay the Hearing on Plaintiff's Amended Motion for an Order to Show Cause Why Defendant Trujillo Should Not Be Held in Contempt" (Doc. No. 65) is **GRANTED.** The Hearing on Motion for an Order to Show Cause presently set for June 2, 2010 is **VACATED**. The parties shall file a Joint Status Report within 21 days of this order addressing whether (1) a hearing on Plaintiff's Amended Motion for an Order to Show Cause should be reset, (2) whether Defendant will pursue a stay of this case in its entirety, and (3) any other issues meriting the court's attention.

Dated this 1st day of June, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge