IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 09-cv-00403-MSK-KMT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,
v.

PHILLIP R. TRUJILLO,
WEALTH MANAGEMENT RESOURCES,
PTV 22, LLC
PTV 33, LLC,
PTV 44, LLC,

        Defendants.

---

**OPINION AND ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on Plaintiff United States Securities and Exchange Commission's (the "SEC") Motion for Summary Judgment **(#32)**, to which the Defendants responded **(#36)**, and the SEC replied **(#37)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

This is a civil enforcement action by the United States Securities Exchange Commission ("SEC") against Defendant Phillip R. Trujillo, Wealth Management Resources, LLC, PTV 22, LLC, PTV 33, LLC, and PTV 44 LLC, for their participation in an allegedly fraudulent scheme to obtain investments into the Funds by making materially false and misleading statements to the

investors.  In this Motion, the SEC seeks summary judgment on its three fraud claims under the Securities Act of 1933 and the Exchange Act of 1934 and its single claim for failure to register securities as required by the Securities Act of 1933.  The Defendants contend that (i) the SEC has not met its *prima facie* burden as to the element of scienter, a requirement under two of the fraud claims, (ii) there exist genuine disputes of material fact as to other elements of each of the fraud claims necessitating a trial and (iii) an exemption to the registration requirements excluded Mr. Trujillo from being required to register the securities.

### III.  Material Facts

The Court has reviewed all of the parties' submissions.  For purposes of this Motion only, the Court construes all disputed facts most favorably to the Defendants as the non-moving party.  Viewing the facts in such light, the material facts are as follows.

Defendant Phillip R. Trujillo is involved in the securities and financial services industries.  He serves as the principal for Defendant Wealth Management Resources, LLC ("WMR").  WMR is the managing member of each of the investment funds, PTV 22, LLC, PTV 33, LLC, and PTV 44, LLC (the "Funds").

In Mr. Trujillo's position at WMR, he solicited investors to invest in the Funds.  In the course of soliciting these investors, Mr. Trujillo made certain representations, including that the investors would receive a certain return on their investments (anywhere from approximately 1.8% to 20% monthly) and that the investors could remove their principal investment from the Funds at any time upon request.[1]  When each investor purchased shares of the Funds, they signed

---

[1] The alleged misrepresentations are limited to the ones alleged in the Complaint (**#1**). To the extent that any new misrepresentations or omissions are alleged in the SEC's Motion, they are not considered here.  Moreover, contrary to the Defendants' argument, the SEC does not

2

a Subscription Agreement acknowledging, *inter alia*, that they understood that the investment included substantial risk.

Based on the representations he made to the investors, Mr. Trujillo was able to secure significant investments into the Funds. The Funds' principal form of investment was to loan money on an unsecured basis to other entities. Many of these entities defaulted on their loans, thereby providing little to no return on the Funds' loan. Accordingly, the Defendants never, or rarely, paid the investors monthly returns and, despite requests, never repaid any investor their principal investment.

## IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment

---

seek to amend the Complaint and, therefore, the Motion for Summary Judgment is not analyzed as also requesting an opportunity to amend.

motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## V. Analysis

The SEC moves for summary judgment on all of their claims against the Defendants.

### A. Claim 1, 2, and 3: Fraud

Claims 1, 2, and 3 all address the Defendants' allegedly fraudulent behavior in

4

connection with the sale and administration of the Funds. Claim 1 asserts a violation of 15 U.S.C. § 77q(a)(1), which prohibits any device, scheme, or artifice to defraud in connection with the offer or sale of securities by the use of interstate commerce. Claim 2 asserts violations of 15 U.S.C. §§ 77q(a)(2) and (a)(3), which prohibit obtaining money or property by means of any untrue statement of a material fact (or omission of a material fact that makes the statement misleading), and engaging in any transaction, practice, or course of business which operates as a fraud or deceit on the purchaser. Claim 3 asserts a violation of 15 U.S.C. § 78j(b), which prohibits the use of manipulative and deceptive devices in the sale of securities, and Rule 10b-5, 17 C.F.R. § 240.10b-5, which prohibits the same and also prohibits making any untrue statement of material fact or omitting to state a material fact that makes the statement misleading.[2]

Each of these claims have four elements in common: (i) the Defendants made a misrepresentation or omission; (ii) of material fact; (iii) in connection with the purchase or sale of securities; and (iv) use of the jurisdictional means, *i.e.*, use of an instrumentality of interstate commerce. *See Wolfson*, 539 F.3d at 1256 (addressing claims under § 78j(b), Rule 10b-5 and 77q(a)); *SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1178–79 (10th Cir. 2006) (addressing claims under § 78j(b) and Rule 10b-5); ); *Aaron v. SEC*, 446 U.S. 680, 695–96 (1980) (addressing claims under § 77q(a)). For violations of § 78j(b), Rule 10b-5 and § 77q(a)(1), the additional element of scienter is required. *See Wolfson*, 539 F.3d at 1256.

In this case, the SEC would bear the burden of proof at trial and, therefore, in moving for summary judgment, it bears the initial burden of demonstrating each element of its claim by

---

[2] The scope of Rule 10b-5 is coextensive with that of § 78j(b). *See SEC v. Wolfson*, 539 F.3d 1249, 1258 n.11 (10th Cir. 2008).

sufficient, competent evidence.

The Defendants do not dispute the sufficiency of the SEC's evidence for purposes of this motion except with regard to the scienter element, which is not a requirement for Claim 2. As to this scienter, the Defendants contend that the SEC's evidence is insufficient because the evidence does not address Mr. Trujillo's state of mind when he made the alleged misrepresentations, instead focusing solely on Mr. Trujillo's administration of the Funds, which is not relevant to a determination of whether he acted with scienter in making material misrepresentations. Alternatively, assuming that the SEC has made its *prima facie* showing, the Defendants contend that there remains a genuine dispute of material fact as to whether Mr. Trujillo acted with scienter. Additionally, the Defendants contend that there are also genuine disputes of material fact as to whether Mr. Trujillo made misrepresentations and whether such representations were material.

The Court turns first to whether the SEC's evidence was sufficient to make a *prima facie* showing of scienter. A showing of scienter requires a mental state embracing an intent to deceive, manipulate, or defraud. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976); *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). With respect to Rule 10b-5, the term requires either intentional and knowing conduct, or recklessness. *See Fleming Cos., Inc.*, 264 F.3d at 1258. Recklessness is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *See id.*

To demonstrate scienter,[3] the SEC presents evidence that the statements Mr. Trujillo made to investors to induce them to invest in the Funds were directly contrary to the realities of the investments in which the Funds were engaged. In particular, it presents evidence that although Mr. Trujillo represented to the investors that their funds were "secure", the Funds were actually invested in unsecured loans. Additionally, although Mr. Trujillo promised investors returns anywhere between 1.8% and 20% per month, none of the loans were executed such that this rate of return could be achieved. The SEC also presents evidence that it was Mr. Trujillo himself who executed these loans. Based on these facts a jury could reasonably infer that Mr. Trujillo had the requisite scienter for the claim. Thus, the SEC therefore has made a *prima facie* showing of the elements of the claim.

As noted, however, the Defendants also contend that there is a genuine issue of fact as to the scienter element. In support, the Defendants provide the Subscription Agreements, signed by each investor upon their purchase of the shares of the Funds. Each Subscription Agreement provides, *inter alia*, that (1) the investor has carefully reviewed and evaluated and understands the risks of investing in the Funds, including that the particular fund may experience unsuccessful investments; and (2) the investor understands that the purchase involves risk but that it is in the position to bear such risk and to hold the shares for an indefinite period of time. This is evidence is sufficient to create a genuine dispute as to material fact as to what Mr. Trujillo represented and his intent in doing so. Accordingly, a trial is necessary on Claims 1 and 3.

---

[3] In determining whether the SEC has presented evidence sufficient to demonstrate the scienter element, the Court examines the entirety of the evidence submitted by the SEC, not only that presented under the heading "scienter" in the SEC's brief.

As to the elements common to all claims, the Defendants also contend that there exists a genuine factual dispute as to the materiality element. A misrepresentation or omission is material if a reasonable investor would consider it important in determining whether to buy or sell stock. *See Basic v. Levinson*, 485 U.S. 224, 231–32 (1988); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1119 (10th Cir. 1997). The standard is an objective one, involving the significance of a fact to a reasonable investor, not to the particular investor involved in the transaction. *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976). Materiality is examined in the light of "the total mix of information available" to investors, and thus, unless the statement "significantly altered the total mix of information available", it will not be considered material. *See id.*; *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1265 (10th Cir. 2001). Generally, forward-looking representations[4] are considered immaterial if the defendant has contemporaneously provided the investing public with sufficiently specific risk disclosures and other cautionary statements such that the misleading aspects of the statements are nullified. *See Grossman*, 120 F.3d at 1120.

The issue of materiality is a mixed question of law and fact because it involves the application of a legal standard to a particular set of facts. *See TSC Indus., Inc.*, 426 U.S. at 450. In the context of a summary judgment motion, it is important to remember that the underlying objective facts will often not be in dispute and are merely the starting point for the assessment of

---

[4] In general, vaguely optimistic statements that constitute mere "corporate optimism" or "puffery" as to a company's future performance are not objectively verifiable and, therefore, not material because reasonable investors do not rely on them. *See Grossman*, 120 F.3d at 1119. Here, however, the Defendants do not contend that Mr. Trujillo's statements fall into this category, arguing only that a genuine factual dispute remains to the materiality of the statements. Accordingly, the Court does not address such an argument but notes that Mr. Trujillo's statements were particular and specific such that they are objectively verifiable.

materiality. Accordingly, summary judgment is only appropriate when the misrepresentations are "so obviously important to an investor that reasonable minds cannot differ on the question of materiality."

As anticipated by *TSC Indus., Inc.*, the underlying facts are not disputed in this case. The SEC has presented unrefuted evidence that Mr. Trujillo told investors that their investments were safe and secure and that they would receive a specified high monthly return on their investment. Accordingly, it is the materiality of these representations that must be determined. To demonstrate that the statements were material, the SEC provides declarations from various investors attesting that they, in fact, relied on the Mr. Trujillo's statements in making their decisions to invest in the Funds. However, whether or not these particular investors relied on Mr. Trujillo's statements is not dispositive as the question is whether a *reasonable* investor would find the statements material. However, the actual reliance is relevant with regard to whether a reasonable investor would consider the statements material.

In response, the Defendants again rely on the Subscription Agreements. As noted *supra*, by signing these agreements the investors represented that they had carefully reviewed, evaluated, and understood the risks of investing in the Funds, including that the particular fund may experience unsuccessful investments; and that they understood that the purchase involved risk but that they were in the position to bear such risk and to hold the shares for an indefinite period of time. This is This information is in conflict with what Mr. Trujillo said, and is relevant to the issue of materiality. It also is sufficient to create a genuine issue of fact as to whether Mr. Trujillo's statements were material. If investors were provided with conflicting information, *i.e.*, Mr. Trujillo's representations as compared to the disclaimers in the Subscription Agreements,

9

there remains a genuine issue of fact as to whether the misleading aspects of Mr. Trujillo's statements are nullified by the Subscription Agreements. *See Grossman*, 120 F.3d at 1120. Accordingly, the Court cannot conclude that the misrepresentations were so obviously important that reasonable minds could not differ as to the materiality of the statements. *See TSC Indus., Inc.*, 426 U.S. at 450.

Having determined that there remain genuine factual disputes as to the elements of scienter (applicable to Claims 1 and 3) and materiality (common to all three fraud claims), the SEC's motion is **denied** as to Claims 1, 2, and 3.

### B. Claim 4: Registration Requirements

Claim 4 alleges that Mr. Trujillo violated 15 U.S.C. §§ 77e(a) and (c) when he solicited investors to invest in the Funds without registering the Funds. Section 77e(a) prohibits any person from, directly or indirectly, selling a security through interstate commerce unless a registration statement as to the security is in effect. Section 77e(c) prohibits any person from, directly or indirectly, offering to sell or buy a security unless a security statement has been filed. To demonstrate a *prima facie* case, the SEC must demonstrate (i) the sale or offer to sell securities; (ii) the absence of a registration statement covering the securities; and (iii) the use of the mails or facilities of interstate commerce in connection with the sale or offer. *See* §§ 77e(a),(c); *Raiford v. Buslease, Inc.*, 825 F.2d 351, 354 (11th Cir. 1987). If the plaintiff makes out a *prima facie* case for a violation of § 77e, then the defendants bear the burden of demonstrating the applicability of an exemption. *See SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953); *SEC v. Cavanagh*, 445 F.3d 105, 111 n.13 (2d Cir. 2006).

Here, the Defendants do not dispute the sufficiency of the SEC's evidence for a *prima*

*facie* case; rather they argue that they can establish a *prima facie* case as to the application of an affirmative defense. They contend that, pursuant to the exemption set forth in 15 U.S.C. §77d(2), Mr. Trujillo was not required to register the securities.

Section 77d(2) provides that transactions by an issuer not involving any public offering are exempted from the provisions of § 77e. By its terms, the exemption requires a showing that (i) Mr. Trujillo is an "issuer"; and (ii) the sale or offer to sell was made in a private offering. *See* § 77e. An offering is considered private if it is limited to investors that have no need for the protections provided by registration of the securities. *See Ralston*, 346 U.S. at 125; *United States v. Arutunoff*, 1 F.3d 1112, 1118 (10th Cir. 1993); *Andrews v. Blue*, 489 F.2d 367, 373 (10th Cir. 1973). In the Tenth Circuit, three factors are relevant to this determination: (1) the number of offerees; (2) the sophistication of the offerees, including their access to the type of information that would be provided in a registration statement; and (3) the manner of the offering. *See Arutunoff*, 1 F.3d at 1118. The critical factor is whether the offerees had access to the information that would have been provided by a registration statement and the evidence in support should be explicit, exact, and not built on conclusory statements. *See Ralston*, 346 U.S. at 125–26; *Lively v. Hirschfeld*, 440 F.2d 631, 633 (10th Cir. 1971).[5]

---

[5] A registration statement is required to contain, *inter alia*, a disclosure of all persons owning more than ten percent of any class of stock of the issuer or more than ten percent of the outstanding stock of the issuer; the general character of the business actually transacted or to be transacted by the issuer; a statement of the capitalization of the issuer; the amount of funded debt outstanding and to be created by the security to be offered; the net proceeds derived from any security sold by the issuer during the two years preceding the filing of the registration statement; a balance sheet showing all the assets of the issuer, including any loan in excess of $20,000 to an officer, director, stockholder, or person directly or indirectly controlling or controlled by the issuer; and a profit and loss statement of the issuer showing earnings and income. *See* 15 U.S.C. § 77aa.

Here, the only evidence submitted by the Defendants are Subscription Agreements, in which the investors indicate that they were acquiring the shares of the Funds for investment purposes, that they had reviewed information regarding the Funds, that they had an opportunity to ask questions, which were answered, and that they had sufficient knowledge to evaluate the merits and risks of the investments.

Although this evidence provides some insight into what investors thought and were told, it does not address the elements necessary to establish that the offering was a private offering. For example, it does not provide any information as to the number of offerees or their sophistication nor does it provide any information as to whether the offerees had access to the information that would be included in a registration statement. Mere acknowledgment by an investor that they had the opportunity to ask questions and evaluate the merits and risks of the investment is not sufficient to demonstrate that they had access to the information that would be disclosed in a registration statement.[6] In the absence of a showing that the investors had the information that would be available through a registration statement, their acknowledgment in the Subscription Agreement actually suggests that the investors are the type of investor the registration process is designed to protect—those without superior sophistication in investing

---

[6] The Defendants' citation to *Ackerberg v. Johnson*, 892 F.2d 1328, 1337 (8th Cir. 1989), does not compel a different conclusion. In *Ackerberg*, the Court determined that a sale was a private offering because the party to which the securities were sold was a sophisticated investor who acknowledged in a Subscription Agreement that he had such knowledge and experience in investing, that he was able to bear the risk of investment, and that he was given full and complete information about the company, including a ninety page private placement memorandum which contained detailed information about the company. Here, there is no evidence that such comprehensive information about the Funds was provided to the investors or that the investors were so sophisticated. Indeed, the Defendants have not provided any information as to the content of any information provided to the investors.

and without access to the information necessary to make informed investment decisions. Accordingly, the Defendants have failed to establish a *prima facie* case of the application of the private offering exemption to registration and, as they have admitted the sufficiency of the evidence as to their violation of §§ 77e(a) and (c), entry summary judgment in favor of the SEC on this claim is appropriate.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff United States Securities and Exchange Commission's Motion for Summary Judgment **(#32)** is **GRANTED IN PART** insofar as it seeks summary judgment as to Claim 4, but **DENIED** in all other respects.

(2) The parties shall jointly contact chambers no later than Wednesday, October 6, 2010 to set a Final Pretrial Conference.

Dated this 22nd day of September, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge