IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00403-MSK-KMT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PHILLIP R. TRUJILLO,
WEALTH MANAGEMENT RESOURCES, LLC,
PTV 22, LLC,
PTV 33, LLC, and
PTV 44, LLC

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Amended Motion of Plaintiff Securities and Exchange Commission for an Order to Show Cause Why Defendant Phillip R. Trujillo Should Not Be Held in Contempt for Violation of the Preliminary Injunction Order Entered March 2, 2009 and Certificate of Compliance with D.C.COLO.LCivR 7.1" ("Amended Contempt Motion") [Doc. No. 48, filed May 13, 2010]; Defendant's "Motion in Limine to Preclude Certain Testimony at the Hearing on the Amended Motion of Plaintiff Securities and Exchange Commission for an Order to Show Cause" [Doc. No. 82, filed July 29, 2010]; and, Defendant's "Renewed Motion of Defendant Phillip R. Trujillo to Stay Proceedings on Plaintiff's Motion for Contempt" ("Renew Stay") [Doc. No. 111, filed January 13, 2011].

*Background*

The SEC claims that Mr. Trujillo is in contempt of a Preliminary Injunction entered by District Judge Marcia S. Krieger after stipulation by the parties. (Doc. No. 7.) The allegations stem from transactions between Defendant Trujillo and a Mr. Worthan and Mr. Baudendistel. (Am. Contempt Mot., ¶ 4.) Defendants represent, and Plaintiff does not disagree, that the transactions alleged to be a contempt in this case also form the basis for Count Five in a pending state indictment. (Renew Stay, ¶ 22; "Response to Defendant's Renewed Motion to Stay Proceedings on Plaintiff's Motion for Contempt [Dkt # 111]" ("Resp. Renew Stay"), ¶ 1(c).)

A previous motion for contempt was brought by the SEC in this case; however prior to the scheduled hearing Mr. Trujillo was indicted by a Colorado State Grand Jury. (*See* "Motion of Defendant Phillip R. Trujillo to Stay the Hearing on Plaintiff's Amended Motion for an Order to Show Cause Why Defendant Trujillo Should Not Be Held in Contempt" [Doc. No. 65] ("Mot. Stay"), Ex. A, Colorado State Grand Jury Indictment, Case No 09 CR 0001 ("Indictment").) On June 1, 2010, this court issued an Order granting a motion to stay the first contempt proceedings largely on the basis of the potential problem of waiver of Fifth Amendment privileges in parallel civil and criminal proceedings. (Doc. No. 68.) Subsequent to the filing of the Amended Contempt Motion, on August 5, 2010 this court once again stayed proceedings based on the same Fifth Amendment issues until 10 days after Judge Krieger's ruling on the Plaintiff's Motion for Summary Judgment. (Doc. No. 87.) By its terms, the stay entered by this court expired on October 2, 2010.

Defendants moved to stay all proceedings in this case on September 29, 2010, again based on the potential for prejudice to Defendant Trujillo's Fifth Amendment rights. ("Renewed Motion of Defendant Phillip R. Trujillo to Stay Proceedings Due to Pending Criminal Proceeding"[Doc. No. 92].) Judge Krieger, at a hearing on January 6, 2011, characterized this motion as "really a motion not to set a trial . . ." and denied the same, setting a trial date of April 4, 2011. (Transcript of Final Pretrial Conference ("Transcript") [Doc. No. 108] at p. 16, lines 6–7.) Based on the trial setting and Judge Krieger's denial of a stay, this court set the Amended Contempt Motion for hearing on January 28, 2011 and the Renew Stay motion was filed.

*Analysis*

In its previous order staying the hearing on the Plaintiff's original Contempt Motion, this court carefully analyzed the facts in this case under the six factor test suggested by *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *In Re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002); *Cruz v. County of Dupage*, Case No. 96-C-7170 ( N.D. Ill., June 27, 1997) 1997 WL 370194, *2; *Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 12 (D. Mass. 1991);*White v. Mapco Gas Products Inc.*, 116 F.R.D. 498, 502 (E.D. Ark. 1987) and others dealing with potential waiver of Fifth Amendment privileges occasioned by ongoing prosecution of parallel criminal and civil cases. This court found "that the potential prejudice to Defendant of forcing him to proceed [on the contempt proceedings] with short notice of the Indictment outweighs the prejudice to Plaintiff, the public interest, and the court." (Order [Doc. No. 68] at 7.)

At this juncture, this court is faced with even stronger evidence supporting a decision not to proceed with the civil contempt hearing considering that both sides are in agreement that there has been no prior Fifth Amendment waiver through deposition testimony concerning the facts at issue in the contempt proceeding, and the consensus that the contempt proceeding involves the same transactions underlying the criminal charges in Count Five of the Indictment. (Renew Stay, ¶ 22; Resp. Renew Stay, ¶ 1(c); *see also*, Transcript, p. 7 at lines 9-11.)

Additionally, the District Court, concerned with "the interrelationship of this case and the criminal case," (Transcript, p. 7 at line 16) ultimately stated

> The defendants certainly can renew the motion to stay the proceedings or to continue the trial in the event that a showing can be made that there will be a criminal trial and that there will be testimony in this case that could implicate or impair Mr. Trujillo's Fifth Amendment rights in the state-court matter.

*(Id.* at p. 19, line 25 -p. 20, lines 1-5.)  The Court clearly indicated that if Mr. Trujillo elects to proceed to trial on the criminal matter, consideration will be given to a stay of these civil proceedings until completion of the criminal case.

It is abundantly clear that testimony in the contempt proceeding before this court "could implicate or impair Mr. Trujillo's Fifth Amendment rights in the state-court matter." Additionally, this court notes that if there should be a conviction after trial of Mr. Trujillo on Count Five of the indictment or if Mr. Trujillo should enter a guilty plea to Count Five, the necessity of a court hearing on contempt would likely be rendered moot.  Proceeding, therefore, on the contempt matter in this civil matter could end up being a significant waste of judicial resources.  And finally, there has been no allegation by the Plaintiff that Mr. Trujillo has violated

the Preliminary Injunction subsequent to the date of the Indictment or in a manner which will not be dealt with in the criminal case.

This court therefore finds that the most expedient manner in which to handle the contempt issue in this civil case is by denial without prejudice, with leave to re-file the motion at a later time after the conclusion of the criminal case, if warranted.

It is therefore **ORDERED**

1. The "Amended Motion of Plaintiff Securities and Exchange Commission for an Order to Show Cause Why Defendant Phillip R. Trujillo Should Not Be Held in Contempt for Violation of the Preliminary Injunction Order Entered March 2, 2009 and Certificate of Compliance with D.C.COLO.LCivR 7.1" [Doc. No. 48] is **DENIED** without prejudice to re-file the motion subsequent to the conclusion of proceedings in Denver District Court Case No 09 CR 0001.

2. The "Motion in Limine to Preclude Certain Testimony at the Hearing on the Amended Motion of Plaintiff Securities and Exchange Commission for an Order to Show Cause" [Doc. No. 82] is **DENIED** without prejudice as moot.

3. The "Renewed Motion of Defendant Phillip R. Trujillo to Stay Proceedings on Plaintiff's Motion for Contempt" [Doc. No. 111] is **DENIED** as moot.

4. The motion hearing set for January 28, 2011, is VACATED.

Dated this 20th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge